999 F.2d 540
 1993 O.S.H.D. (CCH) P 30,152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert REICH, Secretary of Labor, U.S. Department of Labor, Petitioner,
v.
MASTER METALS, INC., Respondent
 No. 93-3486.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 Before MILBURN and NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 
 1
 CONSENT DECREE ENFORCING A FINAL ORDER OF THE OCCUPATIONAL
 
 SAFETY AND HEALTH REVIEW COMMISSION
 
 2
 This cause was submitted on the application of the Secretary of Labor for entry of a Judgment against Respondent, Master Metals, Inc., enforcing a final order of the Occupational Safety and Health Review Commission dated May 6, 1993 pursuant to the terms of the settlement agreement entered into between the parties and attached hereto and incorporated by reference herein.
 
 
 3
 Therefore, pursuant to Section 11(b) of (29 U.S.C. § 660(b)) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651 et seq., it is hereby ORDERED, ADJUDGED AND DECREED that:
 
 
 4
 1. The Commission's Final Order dated May 6, 1993 is hereby enforced in accordance with the terms of the attached settlement agreement.
 
 
 5
 2. Respondent shall comply and remain in compliance with the Commission's Final Order enforced here and abate the cited conditions in accordance with the terms of the Final Order and settlement agreement.
 
 
 6
 UNITED STATES OF AMERICA OCCUPATIONAL SAFETY AND HEALTH
 
 REVIEW COMMISSION
 
 7
 SECRETARY OF LABOR, Complainant,
 
 
 8
 v.
 
 MASTER METALS, INC., Respondent
 
 9
 and
 
 
 10
 UNITED STEELWORKERS OF AMERICA, AFL-CIO-CLC, Authorized
 
 
 11
 Employee Representative.
 
 DOCKET NO. 90-1810
 REGION V
 
 12
 STIPULATION FOR ENTRY OF FINAL ORDER AND SETTLEMENT AGREEMENT
 
 
 13
 In full settlement and disposition of the issues in this proceeding it is hereby stipulated and agreed by and between the Complaint, Secretary of Labor, the Respondent, Master Metals, Inc., and the Authorized Employee Representative, United Steelworkers of America, that:
 
 
 14
 1. The Commission has jurisdiction of this proceeding under 29 U.S.C. § 659(c), Section 10(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq. (the "Act").
 
 
 15
 2. Respondent, Master Metals, Inc., is a corporation with its principal place of business in Cleveland, Ohio where it operates a secondary lead smelter and refining facility. The Respondent is an employer engaged in a business affecting commerce as defined by Sections 3(3) and 3(5) of the Act, and has employees as defined by Section 3(6) of the Act, and is subject to the requirements of the Act. 29 U.S.C. § 652(3), (5), (6).
 
 
 16
 3. As the result of an inspection of Respondent's secondary lead smelter and refining facility in Cleveland, Ohio which commenced in January, 1990 the Complainant issued to Respondent, on May 24, 1990, Citation No. 1, Citation No. 2, Citation No. 3, Citation No. 4, and a Notification of Failure to Abate Alleged Violations ("Notification") alleging violations of the Act and certain standards promulgated thereunder and setting forth proposed penalties in accordance with the Act.
 
 
 17
 4. The Respondent filed a timely notice of contest with respect to the citations, notifications and proposed penalties with a representative of Complainant and the notice of contest was duly transmitted to the Commission.
 
 
 18
 5. Complainant hereby amends the total proposed penalty for the Notification and Citation Nos. 1, 2 and 3 (no penalty was proposed for Citation No. 4) to $250,000.00 assessed as follows:
 
 
 19
 (a) Notification--A total penalty of $212,000.00 assessed in the amount of $174,600.00 for Items 2-1e and 3-5b (combined items), $26,000.00 for Item 1-4b, $3,800.00 for Item 1-5b, $3,800.00 for Item 4-4 and $3,800.00 for Items 4-6a and 4-b (combined items);
 
 
 20
 (b) Citation No. 1--A total penalty of $1,000.00 assessed in the amount of $200.00 for each of the five (5) items set forth therein;
 
 
 21
 (c) Citation No. 2--A total penalty of $36,000.00 assessed in the amount of $3,000 for each of the twelve (12) items therein;
 
 
 22
 (d) Citation No. 3--A total penalty of $1,000.00 assessed in the amount of $500.00 for each of the two (2) items therein.
 
 
 23
 It is agreed that the citations and notification shall be affirmed by the Commission pursuant to the Agreement with a total penalty of $250,000.00.
 
 
 24
 6. It is agreed that the total penalty of $250,000.00 shall be paid by Respondent to Complainant in twenty-four (24) quarterly installments. An initial installment in the amount of $10,432.00 shall be paid on or before June 1, 1993. Subsequent quarterly installments in the amount of $10,416.00 each shall be paid on or before the first day of each month of October, January, April and June thereafter until the total penalty due is fully paid. Payments shall be made by check payable to "DOL-OSHA" and sent to the Cleveland Area Office, OSHA. Any quarterly payment not received by the Cleveland Area Office, OSHA by the 15th day of the month in which it is due shall be considered in default. Should the Respondent default in any quarterly payment the Respondent shall pay interest at the rate of 6% plus administrative fees and charges on the amount in default.
 
 
 25
 7. Respondent represents that the conditions described in Citation Nos. 1, 2, 3 and 4 and the Notification have been abated. With regard to those items of the citations and notification setting forth violations of the OSHA lead standard, 29 C.F.R. 1910.1025, Respondent shall comply with the Act and the standards cited as follows:
 
 
 26
 (a) Notification, Items 2-1e and 3-5b: Respondent shall comply with the medical removal protection provisions set forth in 29 C.F.R. 1910.1025(k)(1)(i)(C) and (D) and 1910.1025(k)(1)(ii) in accordance with the provisions of the standard. To the extent that Respondent elects to remove affected employees, except those employees restricted pursuant to 29 C.F.R. 1910.1025(k)(1)(ii), pursuant to a plan and schedule of administrative rotation, Respondent shall assure that affected employees are not exposed to lead at or above the "action level", as defined in 29 C.F.R. 1910.1025(b), and, to the extent that the plan does not maintain employee exposure to lead below the "action level", removal of affected employees shall be otherwise accomplished in accordance with the applicable provisions of 29 C.F.R. 1910.1025. To the extent that Respondent elects to remove affected employees pursuant to a plan, said plan shall be written and provide for the maintenance of accurate and complete documentation to ensure and establish that affected employees are not exposed to lead at or above the "action level".
 
 
 27
 (b) Citation No. 2, Item 10: Respondent shall comply with the medical removal protection benefits provisions of 29 C.F.R. 1910.1025(k)(2) for employees subject to medical removal protection under the provisions of 29 C.F.R. 1910.1025(k)(1).
 
 
 28
 (c) Citation No. 2, Items 2 and 3: Respondent shall provide respiratory protection as required by 29 C.F.R. 1910.1025(f)(1) and (2) and assure the use of respiratory protection by employees in accordance with the provisions of the standard. Respondent shall continue to have and implement, as required by 29 C.F.R. 1910.1025(f)(4), an effective respiratory protection program.
 
 
 29
 (d) Citation No. 2, Item 4: Respondent shall provide at no cost to the employee and assure that employees use appropriate protective work clothing and equipment as required by 29 C.F.R. 1910.1025(g).
 
 
 30
 (e) Notification, Item 1-4b: Respondent shall continue to provide lunchroom facilities as required by 29 C.F.R. 1910.1025(i)(4)(i) and assure that such facilities have a temperature controlled, positive pressure, filtered air supply in accordance with 29 C.F.R. 1910.1025(i)(4)(ii).
 
 
 31
 (f) Citation No. 3, Item 1: Respondent shall comply with the hygiene practice requirements of 29 C.F.R. 1910.1025(i)(1).
 
 
 32
 (g) Citation No. 2, Item 5: Respondent shall have a medical surveillance program as required by 29 C.F.R. 1910.1025(j)(1)(i) and comply with the requirements of 29 C.F.R. 1910.1025(j)(1)(ii).
 
 
 33
 (h) Citation No. 2, Items 6 and 7: Respondent shall comply with the biological monitoring requirements set forth in 29 C.F.R. 1910.1025(j)(2)(i) and (ii) and provide employee notification in accordance with 29 C.F.R. 1910.1025(j)(2)(iv).
 
 
 34
 (i) Citation No. 2, Items 8 and 9: Respondent shall provide employees with copies of written medical opinions as required by 29 C.F.R. 1910.1025(j)(3)(v)(A).
 
 
 35
 (j) Notification, Item 4-4; Citation No. 2, Items 11a and 11b; Citation No. 4, Items 2a and 2b: Respondent shall assure that exposure monitoring records maintained pursuant to 29 C.F.R. 1910.1025(n)(1)(i) include the information specified in 29 C.F.R. 1910.1025(n)(1)(ii).
 
 
 36
 (k) Citation No. 2, Item 12: Respondent shall establish and maintain medical removal records in accordance with 29 C.F.R. 1910.1025(n)(3)(i) and assure that such records include the information set forth in 29 C.F.R. 1910.1025(n)(3)(ii).
 
 
 37
 (l) Citation No. 3, Item 2: Respondent shall assure that warning signs are posted in accordance with the provisions of 29 C.F.R. 1910.1025(m)(2)(i).
 
 
 38
 8. Respondent shall comply with the engineering and work practice control provisions of 29 C.F.R. 1910.1025(e)(1)(i) by December 31, 1993. The Respondent shall retain an outside consultant qualified to conduct such surveys, studies and evaluations necessary to establish and implement a compliance program in accordance with the requirements set forth in 29 C.F.R. 1910.1025(e)(3)(i) and (ii) which shall specifically address, but not be limited to, the following areas of Respondent's Cleveland, Ohio plant facility:
 
 
 39
 (a) Shipping and Handling
 
 
 40
 (b) Smelter
 
 
 41
 (c) Refining
 
 
 42
 (d) Baghouses
 
 
 43
 (e) Extrusion
 
 
 44
 (f) Administrative Office Building
 
 
 45
 (g) Battery Breaking
 
 
 46
 Respondent agrees that, to the extent feasible, the schedule for the implementation of engineering control measures to be developed pursuant to 1910.1025(e)(3)(ii)(B) and (E) shall provide for the implementation of such control measures by December 31, 1993.
 
 
 47
 A copy of the written compliance program including the information specified in 29 C.F.R. 1910.1025(e)(3)(ii) shall be provided to the Cleveland Area Office and to the Authorized Employee Representative by June 15, 1993. Complainant and the Authorized Employee Representative will provide to Respondent and each other written comments relating to the written compliance program and plan within thirty (30) days from the date of receipt. Nothing contained herein shall be construed to limit or prejudice the right of Respondent to petition in accordance with Section 10(c) of the Act 29 U.S.C. § 659(c) and the Commission Rules, 29 C.F.R. § 2200.37, for a modification of the abatement requirements of this paragraph. To the extent and where feasible, however, implementation of engineering and work practice controls shall be completed by December 31, 1993.
 
 
 48
 9. For a period of one (1) year from the date of this Agreement Respondent will submit, on a monthly basis, to the Cleveland Area Office OSHA and to the Authorized Employee Representative all reports of employee biological monitoring in the form of blood sampling and analysis for lead and zinc protoporphyrin levels which are performed pursuant to the requirements of 1910.1025(k). Upon request by the Cleveland Area Office OSHA Respondent shall provide copies of exposure monitoring, medical surveillance and medical removal records maintained by Respondent pursuant to 29 C.F.R. 1910.1025(n). After one (1) year from the date of this Agreement Respondent will provide reports of biological monitoring and other records maintained by the Respondent pursuant to 29 C.F.R. 1910.1025(n) to the Cleveland Area Office OSHA upon request for a period of two (2) years.
 
 
 49
 10. During the period provided in paragraph 8 of this agreement or extended period subsequently provided by agreement of the parties or order of the Commission for the implementation of engineering and work practice controls, Respondent shall permit duly authorized representatives of OSHA and the Authorized Employee Representative to enter Respondent's facility during normal weekday working hours to evaluate either the written compliance plan to be submitted by the Respondent or to monitor Respondent's progress in implementing the compliance plan.
 
 
 50
 11. Nothing contained in this Agreement shall be construed to limit Complainant's authority to conduct inspections and investigations of Respondent's facility pursuant to Section 8 of the Act or to limit the Complainant's enforcement powers under the Act.
 
 
 51
 12. In view of the foregoing the Respondent hereby withdraws its notice of contest with respect to Citation Nos. 1, 2, 3 and 4, the Notification, and the total penalty as amended herein. The parties agree to the entry of a final order by the Commission affirming the citations, notification and total penalty, as amended herein, and incorporating by reference this Stipulation and Settlement Agreement.
 
 
 52
 13. None of the foregoing agreements, statements, stipulations and actions taken by Respondent shall be deemed an admission by Respondent of any of the allegations contained in the citation and the complaint in this proceeding. Neither the citations referred to herein nor this Settlement Agreement may be used as evidence against either Complainant or Respondent in any subsequent proceeding of any kind whether or not involving the same parties, and whether administrative or judicial, with the exception that it may be used in future actions between the parties to this Settlement Agreement including compliance with this Settlement Agreement, asserting a repetition of any violation addressed hereunder, petitioning for an order under Section 11(b) of the Act, 29 U.S.C. § 660(b), as provided in paragraph 14 hereafter or any other proceeding between the parties to this Settlement Agreement brought under the Occupational Safety and Health Act of 1970 (29 U.S.C. § 651 et seq.), and with the further caveat that this Settlement Agreement may be admissible as evidence if for any reason the language of the citations referred to herein is held to be admissible (contrary to the intention of Complainant and Respondent as herein expressed) in any subsequent proceeding of any kind.
 
 
 53
 14. The parties agree that the Complainant is entitled to an order under Section 11(b) of the Act, 29 U.S.C. § 660(b), in the United States Court of Appeals for the Sixth Circuit enforcing this Agreement and the final order of the Commission entered pursuant to this Agreement. The Respondent consents to entry of such an order, the form of which is attached to this agreement as Exhibit A.
 
 
 54
 15. Each party hereby agrees to bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.
 
 
 55
 16. Respondent certifies that a copy of this Stipulation and Settlement Agreement was posted at its Cleveland, Ohio plant facility on March 3, 1993 to afford notice to affected employees.
 
 Dated: March 2, 1993
 FOR RESPONDENT:
 
 56
 /s/ DANIEL A. WARD
 
 Attorney for Respondent
 Thompson, Hine and Flory
 
 57
 1100 National City Bank Bldg.
 
 629 Euclid Avenue
 Cleveland, Ohio 44114
 
 58
 (216) 566-5500
 
 
 59
 /s/ DOUGLAS K. MICKEY
 
 President
 
 60
 Master Metals, Inc.
 
 FOR AUTHORIZED EMPLOYEE REPRESENTATIVE
 
 61
 /s/ PAUL A. FALKOWSKI
 
 Representative
 Health Safety and Environment
 Department
 United Steel Workers of America
 Five Gateway Center
 Pittsburgh, Pennsylvania 15222
 
 62
 (412) 562-2400
 
 FOR COMPLAINANT:
 
 63
 /s/ BRUCE C. HESLOP
 
 Attorney for Complainant
 U.S. Department of Labor
 881 Federal Office Building
 1240 East Ninth Street
 Cleveland, Ohio 44199
 
 64
 (216) 522-3878
 
 OF COUNSEL:
 JUDITH E. KRAMER
 Deputy Solicitor of Labor
 JOHN H. SECARAS
 Regional Solicitor
 WILLIAM S. KLOEPFER
 Associate Regional Solicitor